

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

__Andrea T. Solomon__

*Full name(s) of Plaintiff(s)*

v. __Maternity Care Coalition__
__Joanne Fischer__
__Beth Begleiter__
__Joanne H. Solarz__
__Paul Antony__

*Full name(s) of Defendant(s)*

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

CIVIL ACTION NO. __15__   **4255**

This action is brought for discrimination in employment pursuant to (check only those that apply):

- [X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
  **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

- [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
  **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

- [ ] Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
  **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

- [ ] Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name: Andrea T. Solomon
Street Address: 109 Woodside Circle
County, City: Montgomery County, Dresher
State & Zip: PA, 19025
Telephone Number: (215) 767-6392

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary. See Defendants List - Exhibit A

Defendant    Name: Maternity Care Coalition
Street Address: 2000 Hamilton Street, Ste. 205
County, City: Phila. County, Philadelphia
State & Zip: PA 19130
Telephone Number: (215) 972-0700

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Maternity Care Coalition
Street Address: 2000 Hamilton Street, Ste. 205
County, City: Phila. County, Philadelphia
State & Zip: PA, 19130
Telephone Number: (215) 972-0700

II. **Statement of the Claim**

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

\_\_\_\_ Failure to hire me

_X_ Termination of my employment

_X_ Failure to promote me

-2-

    \_\_\_\_ Failure to reasonably accommodate my disability

    \_\_\_\_ Failure to reasonably accommodate my religion

    __X__ Failure to stop harassment

    __X__ Unequal terms and conditions of my employment

    __X__ Retaliation

    __X__ Other (*specify*): __Unequal Pay__

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B.     It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) __July__, (day) __18__, (year) __2014__.

C.     I believe that the defendant(s) (check one):

    \_\_\_\_ is still committing these acts against me.

    __X__ is **not** still committing these acts against me.

D.     Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

    \_\_\_\_ race _____     \_\_\_\_ color _____

    \_\_\_\_ religion _____     __✓__ gender/sex __FEMALE__

    \_\_\_\_ national origin _____

    \_\_\_\_ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E.     The facts of my case are as follow (*attach additional sheets of paper as necessary*):

__PlEASE SEE Attached statement - Exhibit-B__

-3-

NOTE: *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

III. **Exhaustion of Administrative Remedies:**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: _March 19, 2015_ (Date).

B. The Equal Employment Opportunity Commission (*check one*):

    ____ has not issued a Notice of Right to Sue Letter.
    _X_ issued a Notice of Right to Sue Letter, which I received on _June 11, 2015_ (Date).

    NOTE: *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.* - Exhibit C

C. *Only plaintiffs alleging age discrimination must answer this question.*

    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

    ____ 60 days or more have passed.
    ____ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: _N/A_ (Date).

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

    _N/A_ One year or more has passed.
    _N/A_ Less than one year has passed.

-4-

IV.     Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

    ____ Direct the defendant to hire the plaintiff.

    ____ Direct the defendant to re-employ the plaintiff.

    ____ Direct the defendant to promote the plaintiff.

    ____ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    ____ Direct the defendant to reasonably accommodate the plaintiff's religion.

    ____ Direct the defendant to (*specify*):_____

    __X__ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    __X__ Other (*specify*): immediate dismissal of Defendants Fischer, Begleiter, Solarz, Antony

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 3rd day of August, 2015.

Signature of Plaintiff _[signature]_

Address _104 Woodside Circle_
         _Dresher, PA 19025_

Telephone number _(215) 767-6392_
Fax number (*if you have one*) _(267) 763-0648_

# EXHIBIT - A

# ANDREA T. SOLOMON
# VS.
# MATERNITY CARE COALITION, et al
# DEFENDANT LIST CONTINUED

MS. JOANNE FISCHER (EXECUTIVE DIRECTOR)

2000 HAMILTON STREET, STE. 205

PHILA. COUNTY, PHILADELPHIA

PA 19130

(215) 972-0700


BETTE BEGLEITER (DEPUTY EXECUTIVE DIRECTOR)

2000 HAMILTON STREET, STE. 205

PHILA. COUNTY, PHILADELPHIA

PA 19130

(215) 972-0700


JOANNE H. SOLARZ (DIRECTOR FINANCE & ADMIN)

2000 HAMILTON STREET, STE. 205

PHILA. COUNTY, PHILADELPHIA

PA 19130

(215) 972-0700


PAUL ANTONY (DIRECTOR HUMAN RESOURCES)

2000 HAMILTON STREET, STE. 205

PHILA. COUNTY, PHILADELPHIA

PA 19130

(215) 972-0700

# EXHIBIT - B

**PLAINTIFF'S STATEMENT IN SUPPORT OF CIVIL RIGHTS COMPLAINT**

From in and about January, 2014 up to and until about March, 2015, I was employed at Maternity Care Coalition ("MCC") as the staff accountant. I was the only female in the Finance department other than my direct supervisor, the Director of Finance and Administration JoAnne H. Solarz ("Ms. Solarz"). I also reported to the Director of Human Resources Paul Antony ("Mr. Antony") who also reported directly to Ms. Solarz. During my employment there were four (4) males that reported directly to Ms. Solarz. During my employment under Ms. Solarz and Mr. Antony I was subjected to harassment, hostile work environment, retaliation and discrimination based on my sex and/or race all of which was known and perpetuated by the Executive Director JoAnne Fischer ("Ms. Fischer"), the Deputy Executive Director Bette Begleiter ("Ms. Begleiter") through nepotism and failure to act. Both in my department and MCC's office there were no women or men of color in any position of authority. This harassment, hostile working environment, retaliation, and discrimination was directly and mostly committed by the actions of Ms. Solarz and Mr. Antony. In and about July, 2014 I made a verbal complaint to Ms. Solarz that Mr. Antony was speaking to me in a condescending and unprofessional manner which was harsh and intimidating. To my knowledge Mr. Antony received no disciplinary action either verbally or written even though MCC has a zero tolerance for this behavior. Ms. Solarz's response to my complaint was that I needed to learn how to deal with it because Mr. Antony's reputation was to speak in this manner to subordinate women and that he was against hiring me. After my complaint, Mr. Antony continued to speak to me in the same manner and started increasing my workload and duties. Mr. Antony started harassing me by continuously calling me to his office berating me about system errors attributing these to me regardless of the truthfulness of his accusation. When it was shown that the error was not my fault he never apologized or informed Ms. Solarz of his mistake of placing the blame on me. Mr. Antony did not speak to any of my male coworkers in this manner and constantly reminded me how I did not measure up to two (2) males A.C. and M.W. In fact Mr. Antony while I performed both A.C. and M.W.'s duties I was not paid as much as they were being paid to do less than I was doing. In fact A.C. worked only two (2) days a week and made more than two times my salary working full time. M.W. was being paid in excess of $10,000 more than my salary but was doing less work and was given the title of Accounting Manager. In and about August, 2014, after Ms. Solarz discovered a mistake on the journal entries that began in March, 2014. Ms. Solarz attributed this error to me and started to speak in the same manner as Mr. Antony but it was accompanied by actions such as Ms. Solarz throwing documents at me and berating me in front of my male coworkers. Ms. Solarz started to harass me in the same manner as Mr. Antony pointing out insignificant errors that were mostly her errors which I showed her documented proof. She never apologized nor owned up to her errors. I also noted that Ms. Solarz never spoke to any of my male coworkers in this manner when they made errors. Specifically, D.R. constantly made errors that I had to review and correct and Ms. Solarz never even mentioned them to him. It became evident to me that the males in the department were treated different than me when D.R. abandoned his job three (3) times and was not warned, disciplined nor was these infractions documented in his supervisory report. In fact, both D.R. and Mr. Antony received two pay increases during the year

I was employed at MCC and I never received any pay increase. With the intensity of Mr. Antony and Ms. Solarz's behavior towards me increasing to a point that I was uncomfortable going to either one of them out of fear of being yelled at or berated, and having no person of color in any supervisory position, or any set grievance procedure I reported the problem to Ms. Begleiter. To the best of my knowledge and belief there was a meeting with the Directors including Ms. Fischer in and about December, 2014, wherein my accusations were discussed. However, I was never notified nor spoken to by anyone of the status or resolution of the matter. Things were quite the opposite, my working environment became increasingly hostile, with my coworkers changing their interaction with me. Specifically, coworkers in other departments stopped speaking to me, not even to say good morning or respond to my greeting. On one occasion I asked a male coworker a question about my computer, he responded to me in a tone and manner consistent with Ms. Solarz and Mr. Antony. This incident happened in front of Ms. Solarz and went unchecked. In and about January, 2015, my father and D.R.'s aunt passed away on the same day. The two of us informed Ms. Solarz on the same day. D.R. went on bereavement leave without interruption from anyone at MCC about MCC business or his work. However, during my bereavement leave Ms. Solarz and Mr. Antony constantly contacted me about my job and asked me to come in. During that whole time neither of them offered their condolences. In and about February, 2015, I was called to Ms. Solarz's office for my annual supervisory review, which was recorded. The recording speaks for itself but Ms. Solarz and Mr. Antony are heard on the recording saying nothing but negative things about my work for the whole year I was there. Not one mention of my accomplishments. My accomplishments were claimed by Ms. Solarz as those of her own, or attributed to my male coworkers. On the recording Mr. Antony and Ms. Solarz can be heard speaking of a 30 day period in which I understood as a probationary period. I can be heard on the recording telling Mr. Antony and Ms. Solarz that I was uncomfortable with this arrangement because Ms. Solarz was attributing her errors to me and Mr. Antony was attributing system errors to me. Both are heard to admit that "we" all make mistakes. I am heard on the tape also telling the both of them that they have intimidated me so much I was uncomfortable coming to either of them with work related questions. Neither of them denied creating such an environment. In and about March, 2015 I was fired by Ms. Fischer because I declined to meet with Ms. Solarz until our unresolved issues were addressed. Ms. Fischer in firing me stated that if I had a grievance there were procedures. Ms. Fischer knew that there was no grievance procedure at MCC and neither the EEOC's or Pennsylvania's required posters were anywhere posted in the office to inform an employee of their rights and the procedure to take in filing a grievance with either of those agencies. Ms. Fischer was also aware of my grievance as early as December, 2014, but choose not to do anything about it. This statement should not be construed to be all inclusive of every act or failure to act by the defendants.

Very Respectfully,

Andrea T. Solomon (Plaintiff)

# EXHIBIT - C

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Andrea T. Solomon<br>109 Woodside Circle<br>Dresher, PA 19025 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-02330 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
District Director

6/9/15
(Date Mailed)

cc: Christopher A. Tinari, Esq.
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*